# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>EVAN JAMES QUNELL,<br><br>Defendant/Movant. | CR 07-03-GF-BMM<br><br>**ORDER DENYING MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |

This case came before the Court on Defendant/Movant Qunell's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The Court designated Qunell a career offender at his sentencing in 2007. *See* U.S.S.G. § 4B1.1(a)(2) (Nov. 1, 2006). He sought relief under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). The Supreme Court rejected a constitutional vagueness challenge to the advisory sentencing guidelines after Qunell filed his § 2255 motion. *See Beckles v. United States*, __ U.S. __, 137 S. Ct. 886, 890 (2017). The Court denied Qunell's § 2255 motion on October 13, 2017. *See* Order (Doc. 395).

Qunell moved to alter or amend the judgment on November 3, 2017. *See* Certificate and Aff. (Doc. 399 at 18). He cites Federal Rules of Civil Procedure 59(e) and 52(b).

1

## I. Rule 52(b)

Rule 52(b) of the Federal Rules of Civil Procedure allows motions to amend a judgment to alter or add findings of fact. The Court decided Qunell's § 2255 motion on the law. The instant motion makes a legal argument. No findings of fact remain to alter or supplement. Rule 52(b) does not apply.

## II. Rule 59(e)

Under the prison mailbox rule, Qunell filed the instant motion within the 28-day time limit for motions under Rule 59(e). *See* Fed. R. Civ. P. 59(e); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988). Rule 59(e) does not permit a party to "raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation." *Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016) (internal quotation marks and citations omitted).

The Supreme Court issued its decision in *Beckles* on March 6, 2017. A week later, Qunell's counsel moved to defer a ruling on the § 2255 motion so that he could obtain Qunell's consent to dismissal of the § 2255 motion. *See* Mot. to Defer (Doc. 387) at 2 ¶ 3. The Court deferred its ruling and set a deadline for March 29, 2017. Qunell did not file anything. The Court denied Qunell's § 2255 motion six and a half months later.

Qunell asserts that he made counsel aware of the new arguments that he wanted to make "more than a month and a half prior to the Court's October 12,

2017, denial." Mot. to Alter at 3. Qunell's motion was subject to denial at any time after March 29, 2017. Qunell does not identify anything that prevented him from making his new arguments before August 31, 2017. Rule 59(e) applies in light of the fact that Qunell reasonably could have filed his amended motion before the deadline.

### III. Merits

Qunell's new argument in support of his original claim for relief lacks merit even if the Court were to assume that Qunell timely filed his motion.

Qunell claims *Johnson* invalidated the 1989 guidelines amendment that incorporated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), into the career offender guideline. By "invalidated," Qunell means the amendment ceased to exist, as he says, "nunc pro tunc" as of 1989. He suggests that the nonexistent provision could not be used against him at his sentencing in 2007, even under an advisory guideline regime, because *Johnson* means the provision was invalid at its enactment "by operation of law." *See* Mot. to Alter (Doc. 399) at 4-12.

No law supports this argument. *Johnson* does not say any guideline amendment is invalid. It does not say any residual clause, even the one in the ACCA, no longer exists. *Johnson* says that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due

3

process." *Johnson*, 135 S. Ct. at 2563. *Johnson* reasoned that the ACCA raises both the minimum and maximum available punishment, *see id.* at 2555, without giving clear guidance as to when the residual clause applies and when it does not. *Id.* at 2557-58. *See also Beckles*, 137 S. Ct. at 892 (describing the reasoning of *Johnson*).

"Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentence." *Beckles*, 137 S. Ct. at 892. They "merely guide the exercise of a court's discretion" within a range otherwise fixed by statute. *Id.* "[T]he advisory Sentencing Guidelines are not subject to a due process vagueness challenge." *Beckles*, 137 S. Ct. at 897. Stated in more general terms, not all provisions of law are required to meet the same standard of clarity. No reason exists to assume that a phrase unconstitutionally vague in the ACCA necessarily proves unconstitutionally vague wherever it occurs. No "operation of law" makes every use of the words of the residual clause unconstitutional.

Qunell also claims the sentencing court erred in finding that his Montana burglary conviction qualified as a "crime of violence." *See* Mot. to Alter at 12-15 (discussing *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016)). Allegations of error in guideline application are not cognizable under 28 U.S.C. § 2255. *See United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008); *United States v. Schlesinger*, 49 F.3d 483, 484 (9th Cir. 1995).

4

## IV. Certificate of Appealability

To the extent a certificate of appealability is required, *see* 28 U.S.C. § 2253(c); *United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015), it is not warranted. Reasonable jurists could disagree on whether Qunell's arguments should be considered at all, but they could not disagree with their resolution. *Beckles* holds that *Johnson* does not extend to persons sentenced under the advisory guideline regime. Qunell cannot show that he was deprived of a constitutional right. Reasonable jurists would find no basis to encourage further proceedings. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED:

1. Qunell's motion to alter or amend the judgment (Doc. 399) is DENIED.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Qunell files a Notice of Appeal.

DATED this 6th day of December, 2017.

Brian Morris
United States District Court Judge